NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| LEONARD J. CIPOLLA, | : | |
| | : | Civ. No. 22-2654 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN STEVIE M. KNIGHT, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Petitioner Leonard J. Cipolla ("Petitioner"), a prisoner incarcerated in the Federal Correctional Facility in Fort Dix, New Jersey, filed a habeas petition under 28 U.S.C. § 2241, seeking transfer to a federal prison camp, placement in home confinement, a reduction in sentence, or alternative placement based on his age of 74 and vulnerability to COVID-19, as a cancer patient in an institutional setting. (Pet., Docket No. 1.) Petitioner simultaneously filed a "Motion as to the Denial of CARES Act by the Bureau of Prison at Fort Dix." (Dkt. No. 2.)

This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. For the reasons discussed below, the Court will proceed the habeas petition in part and dismiss it in part, and direct the Clerk of Court to open a new civil action for Plaintiff's civils rights complaint for injunctive relief under 28 U.S.C. § 1331. For his new civil action to proceed, Plaintiff must submit the $ 402 filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).

I.  PETITION

Petitioner is serving a sentence at FCI Fort Dix, low security, imposed by the United States District Court, Eastern District of Virginia, Richmond Division, in Criminal Action No. 3:19-126.[2] (Pet., Dkt. No. 1.) Petitioner's request for release to home confinement under the CARES Act was denied by the warden of FCI Fort Dix, and the BOP Regional Office never responded to Petitioner's appeal. (*Id.*) Petitioner supplemented his petition in his simultaneously filed "Motion as to the Denial of CARES Act by the Bureau of Prison at Fort Dix," which this Court construes as part of the petition. (Dkt. No. 2.) Petitioner invokes jurisdiction under 28 U.S.C. § 2241 and 28 U.S.C. § 1331. (Dkt. No. 2 at 3-4.)

In April 2021, Petitioner was incarcerated in the Federal Prison Camp in Petersburg, Virginia. (Dkt. No. 2 at 4.) He was informed that he was on a list of inmates eligible for release to home confinement under the CARES Act, and he

---

[2] Docket available at www.pacer.gov. Petitioner's alternative request for a motion for reduction of sentence must be filed in his sentencing court. *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020).

completed all the necessary paperwork. (Dkt. No. 2 at 4-5.) However, Petitioner was notified, while at the Federal Prison Camp in Petersburg, that his request for home confinement was denied. (*Id.* at 5.) He appealed, but he never received a final resolution. (*Id.* at 6.) Once transferred to FCI Fort Dix, Petitioner again sought release to home confinement under the CARES Act, and he was denied because he had not served at least 50% of his sentence. (*Id.* at 7.) When he filed his habeas petition, he had not received a response to his administrative remedy appeal. (*Id.*)

Petitioner is 74-years old, and he is obese and prediabetic, he suffers from hypertension, and he is a prostate cancer survivor who underwent total prostate removal surgery. (*Id.* at 7-11.) Petitioner suffers from various medical symptoms, and his complaints to physicians at FCI Fort Dix have been ignored. (*Id.* at 12-13.) Petitioner is prescribed medications that can weaken the immune system, which renders him particularly vulnerable to infectious disease. (*Id.* at 14.) Petitioner lists a number of contagious diseases that have spread at FCI Fort Dix, and he describes severe unsanitary conditions (overcrowded bathrooms that go uncleaned and prisoners smearing excrement) and environmental hazards (contaminated water, radon gas, mold, bacteria, insects, second hand smoke), which he contends pose a substantial risk to his health. (*Id.* at 15-21.) Petitioner alleges violence is commonplace, including forced sexual acts. (*Id.* at 23.) Prisoners are in constant peril from the many gangs within the prison. Petitioner is housed in a building

meant to hold 170 men, and it contains 390 men.  (*Id.*)  There are not enough staff to protect prisoners from each other.  (*Id.* at 24.)

## II.   ANALYSIS

### A.   CARES Act Claim

28 U.S.C. § 2241 provides, in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> > (3)   He is in custody in violation of the Constitution or laws or treaties of the United States[.]

Petitioner contends the warden of FCI Fort Dix arbitrarily denied his request for home confinement under the CARES Act, Pub. L. No. 116-36, § 12003(b)(2), solely because he had not served more than 50% of his sentence.  (Dkt. No. 2 at 7.)

In a *per curiam*, nonprecedential case, the Third Circuit addressed habeas jurisdiction over CARES Act claims:

> Under 18 U.S.C. § 3624(c)(2), the Director of the BOP may place a prisoner in home confinement for the shorter of ten percent of his or her term of imprisonment or six months. The CARES Act authorized the Director to extend the period of home confinement in light of the COVID-19 pandemic. *See* Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). As these statutes make clear, the BOP has exclusive control over an inmate's placement in home confinement. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." (citation and internal quotation marks omitted)). Therefore, to the extent that Collins challenges the District Court's conclusion that it

> lacked authority under the CARES Act to order that he be placed in home confinement, the claim lacks merit. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

*Collins v. Warden Canaan FPC*, No. 21-2878, 2022 WL 2752536, at *2 (3d Cir. July 14, 2022). Although the Third Circuit decision is nonprecedential, it is persuasive, and this Court concludes that it lacks jurisdiction to order the BOP to place Petitioner in home confinement pursuant to the CARES Act

In *Collins*, the Third Circuit assumed, without deciding, that habeas jurisdiction existed over the petitioner's claim that the warden's denial of his request for home confinement under the CARES Act was an abuse of discretion. Assuming a habeas court can decide such a claim, the claim is nonetheless moot because the BOP's authority under the CARES Act expired on June 10, 2023, after the President of the United States declared the COVID-19 national emergency had ended. *Furando v. Garza*, No. 1:23-CV-1350, 2023 WL 6119178, at *1 n. 2 (M.D. Pa. Sept. 18, 2023); *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803, at *2 (M.D. Pa. Sept. 22, 2023); *United States v. Ricks*, No. CR 15-00132 SOM, 2023 WL 6216910, at *2 (D. Haw. Sept. 25, 2023). The Court will dismiss Petitioner's CARES Act claim for lack of jurisdiction under 28 U.S.C. 2241.

    **B.**    **Habeas Conditions of Confinement Claim**

If a petitioner is seeking redress under § 2241 "for allegedly Eighth Amendment-violative conditions of confinement[,]" a district court may assert

5

habeas jurisdiction and order a change in custody if there is a valid basis to do so. *Olson v. Warden Schuylkill FCI*, No. 21-2436, 2022 WL 260060, at *2 (3d Cir. Jan. 27, 2022). Accepting the factual allegations in the petition as true, as required at the pleading stage, Petitioner has sufficiently pled that the COVID-19 conditions at FCI Fort Dix posed a substantial risk to his health, and the warden was deliberately indifferent to that risk by failing to sanitize the facility and reduce the population of prisoners in Plaintiff's housing unit. Therefore, the Court will direct Respondent to file an answer to the habeas petition.

      C.      **Claims for Injunctive Relief Under 28 U.S.C. § 1331**

Plaintiff's Eighth Amendment conditions of confinement and inadequate medical care claims for injunctive relief under 28 U.S.C. § 1331, alleged in his "Motion as to the Denial of C.A.R.E.S. Act by the Bureau of Prisons at Fort Dix" (Dkt. No. 2), may be brought as a complaint in a separate civil rights action. Petitioner paid the $5 filing fee for this habeas proceeding, but there is a $350 filing fee, plus a $52 dollar administrative fee, at the time this action was opened, for a civil rights complaint.[3] Petitioner must pay the $402 filing and administrative fees or alternatively file an application to proceed *in forma* pauperis under 28 U.S.C. § 1915, if he wants to proceed with his civil rights action for injunctive relief. Once the filing fee is paid, or IFP is granted, the complaint is subject to screening for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A(b) and/or 42

---

[3] 28 U.S.C. § 1914(a, b).

U.S.C. § 1997e(c).

### III. CONCLUSION

For the reasons discussed above, the Court will dismiss in part and proceed in part Petitioner's habeas petition under 28 U.S.C. § 2241 (Dkt. No. 1), and direct the Clerk to open a new civil rights action for Petitioner's claims under 28 U.S.C. § 1331 (Dkt. No. 2).

An appropriate order follows.

**Dated:**  **December 13, 2023**

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **Chief United States District Judge**